## Brisbay v. Prudential Ins. Co. of America.

(Decided Dec. 20, 1935.)

ROACH, SCHROER & WEHRMAN for appellant.

JOHN E. SHEPARD for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

On June 14, 1917, for a premium of $20.19 payable semiannually, the Prudential Insurance Company of America issued to Ben F. Brisbay a policy on his life in the sum of $1,000, naming therein as beneficiary, Maud Brisbay, wife of insured. Later the payment of premiums was changed to a quarterly basis due the 14th day of June, September, December, and March of each year. The policy contained a clause whereby the insured may borrow from the company an amount up to the limit of the cash surrender value of the policy, which clause reads as follows:

"If this policy be continued in force, the insured may borrow from the Company, with interest at the rate of six per cent. per annum, payable at the end of each policy year, on the sole security of this policy, an amount up to the limit of the Cash Surrender Value hereinafter specified after deducting

therefrom all other indebtedness on account of this Policy, by making written application for the loan and assigning the policy to the company as security. Failure to repay any such indebtedness or to pay interest shall not avoid the policy unless the total indebtedness thereon to the company shall equal or exceed the loan value at the time of such failure, nor until one month after notice to that effect shall have been mailed by the company to the last known address of the insured, of the person to whom the loan was made, and of the assignee of record at the Home Office of the company, if any. The company reserves the right to defer any loan other than to pay premiums on policies in the company, for a period not exceeding ninety days after the application for such loan.''

Pursuant to the above provision of the policy, on January 11, 1926, the insured obtained a loan from the company in the sum of $196.91, and on September 20, 1933, he obtained a second loan totaling $395.79, and after deducting the previous loan with interest the balance of the proceeds of the last loan, $176.65, was paid by check to the insured. At the time insured obtained the last loan, September 20, 1933, the premium due September 14th, six days previous, had not been paid, but the policy provided for 31 days' grace period, which gave insured to October 15, 1933, in which time to pay the premium. The insured died November 30, 1933, approximately six weeks after the expiration of the 31 days' grace period, without having paid the quarterly premium due September 14th. The beneficiary demanded payment of the policy, which payment the company refused on the ground that the policy had lapsed for nonpayment of the premium, whereupon the beneficiary brought this suit to collect the face sum of the policy less the indebtedness against it. Upon trial of the case the court entered judgment dismissing plaintiff's petition, and she appeals.

It is admitted by counsel for appellant that the sole question to be determined on this appeal is whether the company, under the loan provision of the policy set out above, was required to give the insured 30 days' notice of its intention to cancel the policy. The insurance company admits that it did not give the notice, but insists that it was required to give such notice only if it sought to terminate the policy for the failure of the

insured to pay the loan indebtedness or interest thereon, and the "indebtedness" referred to in the policy relates to the loan only, and it did not terminate the policy because of the failure of the insured to pay the loan or interest thereon, but for failure to pay the premium. In the clause in the policy relating to payment of premiums it is provided that, "If any premium be not paid when due, this policy shall be void and all premiums forfeited to the company, except as herein provided." Following this provision is a clause providing that, "In the payment of any premiums under this policy, except the first, a grace of 31 days without interest will be allowed, during which time the policy will remain in force." It will thus be seen that there is no provision in the policy for the extention of payment of premiums beyond the grace period.

It is insisted for appellant that the past-due premium was a part of the indebtedness against the policy and, therefore, the insurance company could not terminate it without giving the 30 days' notice. It will be noticed that the 30 days' notice provision is contained in that clause of the policy titled "Loan Provisions," and the provision relating to the payment of premiums is contained in a separate provision titled "Payment of Premiums." It is obvious that these two subjects, loans and premiums, are separate and distinct, and cannot be added together to form the "indebtedness" referred to under the "Loan Provision." The last loan obtained by the insured practically consumed the entire reserve or cash value of the policy, leaving a balance of 46 cents only, and it is obvious that this sum would not have extended the policy, under the extended insurance provision, to the date of the death of the insured.

In Dibrell v. Citizens' National Life Ins. Co., 152 Ky. 208, 153 S. W. 428, there was involved the construction of a policy similar to the one here under consideration. In that case it was held that under a nonforfeiture clause providing for extended insurance, if there is no indebtedness to the company, the indebtedness must be deducted from the surrender value and if the indebtedness to the company is equal in amount to the surrender value, there is nothing to apply to extended insurance.

With respect to other provisions of the policy which may have a bearing on the issue, it is sufficient to say

that upon examination of the policy for ourselves, we find nothing therein to sustain the argument for appelland that the indebtedness mentioned under the loan provision of the policy included the premium. It is our conclusion, therefore, that the 30 days' notice was necessary only if the company sought to cancel the policy for the nonpayment of the insured's loan indebtedness or the interest thereon, but not necessary to terminate it for nonpayment of premiums, and the loan having practically exhausted the reserve or cash value of the policy, there was left an insufficient sum to extend the insurance to the time of the insured's death, and therefore the policy had lapsed.

The judgment of the trial court being in harmony with these views, it is affirmed.